UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

08/31/2017

JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

| | |
|---|---|
| AMERICAN HUMANIST ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>IVAN GILMORE and HAROLD C. CLARKE,<br><br>Defendants. | COMPLAINT<br>AND JURY DEMAND<br><br>Civil Action No. 3:17-cv-00063 |

## INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 to vindicate the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

2. Plaintiff challenges Defendants' refusal to allow the July/August issue of plaintiff's magazine, *the Humanist*, to be delivered to a subscriber simply because it contains a picture of a painting, by the renowned 17th century artist Peter Paul Rubens, depicting Adam and Eve in the Garden of Eden, in which Eve's breasts are exposed.

## JURISDICTION

3. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.  This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1343(a)(3) and (a)(4) and 28 U.S.C. §§2201 and 2202.

## PARTIES

4. Plaintiff American Humanist Association (AHA) is incorporated in the state of Illinois with a principal place of business at 1821 Jefferson Place, NW, Washington, D.C.  The

1

        mission of the AHA is to bring about a progressive society where being good without a god is an accepted and respected way to live life. This is accomplished through its defense of civil liberties and secular governance, by outreach to the growing number of people without traditional religious faith, and through a continued refinement and advancement of the humanist worldview. Among it's activities is a publication called *the Humanist*, which seeks to advance its mission.

5. Defendant Ivan Gilmore is the warden at Coffeewood Correctional Center located in Mitchells, Virginia. At all times relevant to this Complaint, he was acting under color of state law. He is sued in his individual capacity.

6. Defendant Harold C. Clarke is the Director of the Virginia Department of Corrections ("VDOC"), which is headquartered in Richmond, Virginia. He is responsible for the implementation and enforcement of all VDOC policies and procedures. At all times relevant to this Complaint, he was acting under color of state law. He is sued in his individual and official capacities.

**FACTS**

7. Plaintiff AHA has several subscribers *the Humanist* at Coffeewood Correctional Center.

8. On or about July 18, 2017, Defendant Gilmore disapproved receipt by the subscribers of the July/August 2017 issue of the Humanist because it contains a photograph of the painting *Adam and Eve* by Peter Paul Rubens, a world renowned Flemish artist of the 16th and 17th century.

9. Defendant Gilmore claimed to do so on the basis of an operating procedure ("OP") of the Virginia Department of Corrections ("VDOC") which, in pertinent part, prohibits "material that contains nudity." OP 803.2 (H)(I) "Nudity" is defined as "The showing

(human or cartoon) of the male or female genitals, pubic area, female breast with less than a fully opaque covering of the areola, or male or female buttocks with less than a full opaque covering of the anus." OP 803.2 (III).

10. However, that prohibition may not be applied to "Publications containing nudity illustrative of medical, educational, or anthropological content." OP 803.2 (H)(I).

11. Defendant Gilmore has previously rejected numerous publications on the grounds that they violate the prohibition of nudity. Among those magazines are several recognized artist magazines designed, in part, to educate artists. Defendant Gilmore's conduct in this case was willful and wanton and even in violation of VDOC's own rules.

12. Defendant Gilmore, and others within the VDOC, have failed to recognize any exceptions to the categorical prohibition of "nudity."

13. Notwithstanding its prohibition of images of the "female breast with less than a fully opaque covering of the areola," Defendants allow the state seal of the Commonwealth of Virginia, which also appears on the state flag and which also depicts a "female breast with less than a fully opaque covering of the areola."

14. Nothing about *the Humanist* or its depiction of great art threatens any valid penological interest of the Defendants.

15. Plaintiff was never notified of the action of Defendant Gilmore as described above, nor given an opportunity to appeal that decision for an independent review.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Constitutionality of Rule)

16. Plaintiff has a right under the First Amendment to communicate with prisoners.

17. Defendants have treated its rule prohibiting material containing nudity as a categorical

rule without exception in violation of the First Amendment to the United States Constitution.

18. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered economic harm and harm to its mission.

## SECOND CAUSE OF ACTION
(Rule as Applied)

19. The July/August issue of *the Humanist* contains no information or depictions which threaten any security interest of Defendants nor is there any penological justification for banning that issue.

20. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered economic harm and harm to its mission.

## THIRD CAUSE OF ACTION
(Denial of Due Process)

21. By not providing notice to Plaintiff of the rejection of its publication, and thereby denying them the right to appeal that decision and have it reviewed by an independent authority, Defendants have violated AHA's due process and First Amendment rights as guaranteed by the First and Fourteenth Amendment of the United States Constitution.

22. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered harm to its economic interests and to its mission.

**WHEREFORE**, Plaintiff requests the following relief:

a. Declaratory judgment that the total ban on "material containing nudity" violates the First Amendment to the United States Constitution;

b. Declaratory judgment that the censorship of the July/August issue of *the Humanist* violates the First Amendment to the United States Constitution;

c. Declaratory judgment that the failure to provide notice and an opportunity to appeal the

        decision to reject *the Humanist* violates due process and the First Amendment to the United States Constitution;

d.    Preliminary and permanent injunction requiring Defendants to deliver the July/August issue of *the Humanist* to its subscribers;

e.    Preliminary and permanent injunction prohibiting Defendants from prohibiting publications simply because they contain "nudity" as defined by Defendants;

f.    Preliminary and permanent injunction requiring Defendants to provide notice to Plaintiff whenever its communication with a prisoner, including through *the Humanist*, is rejected and requiring Defendants to provide an appeal for an independent review;

g.    Awarding Plaintiff compensatory and punitive damages;

h.    Awarding attorney's fees and costs to Plaintiff;

i.    Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                        Respectfully submitted,
                                        American Humanist Association
                                        By Counsel

_____
Jeffrey E. Fogel, VSB #75643
913 E. Jefferson Street
Charlottesville, VA 22902
434-984-0300 (Tel)
434-220-4852 (Fax)
jeff.fogel@gmail.com

Attorney for Plaintiff